UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

**TERVARUS GARY,**

    **Plaintiff,**

    v.      No. 1:26 CV 8

**IDOC,** *et al.***,**

    **Defendants.**

## OPINION and ORDER

Tervarus Gary, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. (DE ## 1, 2.) A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Gary has three strikes:

1. *Gary v. Elkhart County Work Release*, 3:24-cv-349 (N.D. Ind. filed April 25, 2024), dismissed under 28 U.S.C. § 1915A for failure to state a claim on October 9, 2024;

2. *Gary v. Elkhart County Sheriffs Department*, 3:24-cv-340 (N.D. Ind. filed April 22, 2024), dismissed as frivolous under 28 U.S.C. § 1915A on May 5, 2025; and

3. *Gary v. IDOC*, 3:25-cv-391 (N.D. Ind. filed May 2, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim on October 28, 2025.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Gary is seeking monetary damages because he is being exposed to secondhand smoke. He says he is being "forced to inhale the second hand smoke a few times a week while being transferred to legal mail or law library." (DE # 1 at 2-3.) To state a claim, Gary must "show that he himself is being exposed to unreasonably high levels of" smoke. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Gary's brief exposures to secondhand smoke do not place him in imminent danger of serious physical injury. He says the smoke causes him to cough and wheeze, but that is not a genuine emergency. Therefore, he may not proceed in forma pauperis.

For these reasons, the court:

(1) **DENIES** Tervarus Gary leave to proceed in forma pauperis (DE # 2);

(2) **GRANTS** Tervarus Gary until **January 30, 2026**, to pay the $405 filing fee; and

(3) **CAUTIONS** Tervarus Gary if he does not respond by the deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Date: January 9, 2026

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT